**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Albert NEZ, Defendant-Appellant.**

**No. 79–2247.**

United States Court of Appeals,
Tenth Circuit.

Sept. 22, 1981.

William W. Deaton, Jr., Federal Public Defender, and R. Raymond Twohig, Jr., Asst. Federal Public Defender, Albuquerque, N. M., for defendant-appellant.

R. E. Thompson, U.S. Atty., and Margo J. McCormick, Asst. U.S. Atty., Albuquerque, N. M., for plaintiff-appellee.

Before SETH, Chief Judge, and PICK-ETT and SEYMOUR, Circuit Judges.

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.

Albert Nez appeals from a judgment entered on a jury verdict finding him guilty of assault with intent to commit rape in violation of 18 U.S.C. § 1153 and § 2031.[1] In urging reversal, appellant contends that the trial court committed error by limiting cross-examination regarding the complainant's prior sexual conduct.

We shall set forth the facts only as they are relevant to the issue presented. Late in the evening on May 21, 1979, the complainant was standing on the porch of her sister's house, waiting for her sister to return. She was approached by two men, appellant and a juvenile named Lorenzo Henry. The two men grabbed complainant by the wrists, took her down to a nearby ditch and raped her.

Complainant returned to her sister's home and, when confronted by her sister, stated that appellant and Lorenzo had "almost raped me." In light of complainant's demeanor and disheveled condition, the sister questioned her more extensively and learned that the rape had actually occurred.

Prior to cross-examination of complainant, appellant was provided with Jencks' Act material which included a memorandum of an interview given by complainant to a Bureau of Indian Affairs investigating officer. In the memorandum, the investigator reported that the complainant "has had sexual intercourse two times prior since the age of 15. She described both as rapes and did not report the incidents to Police." Cross-examination of complainant about the prior incidents was interrupted by an objection from the government. Defense counsel stated that:

1. The parties stipulated that the appellant is an Indian and that the acts occurred in Indian territory, thereby bringing the appellant within federal criminal jurisdiction. 18 U.S.C. § 1153.

The question derives from the statement that I just got, and there is a reference there were two prior rapes that this girl was involved with. I am not attempting to impugn her reputation by prior acts of sexual intercourse. I am attempting to show prior rapes that she alleges happened according to this statement.

I am attempting to ascertain the circumstances surrounding those, and how they compare with these.

In a subsequent conference out of the jury's presence, defense counsel further asserted that the questioning:

was directed to the conversation between the witness and her sister. It was for the purpose of determining whether this witness has confided in her sister about the previous incidents, the two previous incidents.

The district court sustained the government's objection and thereby precluded appellant from inquiring about the prior incidents on cross-examination. ʳ

The issue presented by this case involves an analysis of Fed.R.Evid. 412, an issue of first impression in this court. Indeed, we have found little federal case law which interprets this relatively new rule of evidence. We do note, however, that similar state provisions have come under attack recently.[2]

Rule 412[3] governs the admission of a rape victim's prior sexual behavior in criminal cases. Under the new rule, reputation or opinion evidence is never admissible. Fed.R.Evid. 412(a). Specific instances of the victim's prior sexual behavior may be admissible under only three circumstances. First, such evidence may be admitted where the Constitution requires that the evidence be admitted. Fed.R.Evid. 412(b)(1). This provision was apparently intended to obviate attacks on the facial constitutionality of Rule 412(b). Second, evidence of sexual behavior with persons other than the defendant may be admitted where the defendant claims that he was not the source of the semen or injury. Fed.R.Evid. 412(b)(2)(A). Finally, evidence of the victim's prior behavior *with the defendant* is admissible where relevant to the defendant's claim of consent. Fed.R.Evid. 412(b)(2)(B). Procedurally, Rule 412 requires that the defendant tender the proposed evidence in an *in camera* setting to establish the necessary foundation and to allow the court to weigh the probative value of the evidence against its prejudicial impact. Fed.R.Evid. 412(c).

[1] In this case, appellant did not dispute the act of intercourse nor his involvement therein. In addition, the tendered testimony regarding the victim's past sexual behavior did not encompass behavior with this appellant. The district court,

---

2. *See, e.g., People v. McKenna*, 585 P.2d 275 (Colo.1978); *State v. Blue*, 225 Kan. 576, 592 P.2d 897 (1979); *Commonwealth v. Joyce*, —— Mass. ——, 415 N.E.2d 181 (1981); *State v. Howard*, 426 A.2d 457 (N.H.1981); *State v. Jalo*, 27 Or.App. 845, 557 P.2d 1359 (1976); *Commonwealth v. Duncan*, 421 A.2d 257 (Pa. 1980); *Virginia v. Green*, 260 S.E.2d 257 (W.Va.1979). *See also* Annot., Constitutionality of "Rape Shield" Statutes Restricting Use of Evidence of Victim's Sexual Experiences, 1 A.L.R. 4th 283 (1980).

3. Fed.R.Evid. 412 provides in part:

(a) Notwithstanding any other provision of law, in a criminal case in which a person is accused of rape or of assault with intent to commit rape, reputation or opinion evidence of the past sexual behavior of an alleged victim of such rape or assault is not admissible.

(b) Notwithstanding any other provision of law, in a criminal case in which a person is accused of rape or of assault with intent to commit rape, evidence of a victim's past sexual behavior other than reputation or opinion evidence is also not admissible, unless such evidence other than reputation or opinion evidence is—

(1) admitted in accordance with subdivisions (c)(1) and (c)(2) and is constitutionally required to be admitted; or

(2) admitted in accordance with subdivision (c) and is evidence of—

(A) past sexual behavior with persons other than the accused, offered by the accused upon the issue of whether the accused was or was not, with respect to the alleged victim, the source of semen or injury; or

(B) past sexual behavior with the accused and is offered by the accused upon the issue of whether the alleged victim consented to the sexual behavior with respect to which rape or assault is alleged.

therefore, properly concluded that the evidence was neither admissible under Rule 412(b)(2)(A) as relevant to the issue of who actually was the source of the semen or injury, nor under Rule 412(b)(2)(B) as past sexual behavior with the accused relevant to the issue of consent.

At no point during the *in camera* proceeding did appellant specifically offer the evidence pursuant to Rule 412(b)(1), as evidence constitutionally required to be admitted. Appellant's purpose in seeking to cross-examine the complaining witness about her prior sexual behavior was not clear from the argument or testimony tendered to the trial judge. Appellant's failure to clearly establish a proper purpose justified the district court's limitation on the cross-examination.

 It is only on appeal that the purpose is clarified to include the "motivation for bringing the charge," as appellant would *now* characterize the evidence. He alleges that an inference of the victim's motive to fabricate the charge is available from evidence showing that the victim would only allege rape when confronted with her actions, by persons in authority. Although the motive or bias of a witness is always a proper subject for examination, *see Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), this theory of admissibility was not proffered to the trial court. The attempt on appeal to bolster the necessary foundation is improper. *See* Fed. R.Evid. 103. Moreover, the tendered argument and testimony did not clearly relate to such a theory of admissibility.

Accordingly, we conclude that the trial court correctly refused to admit the evidence.

AFFIRMED.