COMMONWEALTH *vs.* JOSEPH W. GAUTHIER.

No. 91-P-454.

Norfolk. November 8, 1991. - February 13, 1992.

Present: KASS, SMITH, & GILLERMAN, JJ.

*Evidence*, Cross-examination, Sexual conduct, School record, Privileged communication. *Rape-Shield Statute. Witness*, Credibility. *Privileged Communication.*

At the trial of an indictment charging indecent assault and battery on a child under the age of fourteen, the judge did not err in precluding defense counsel from asking the thirteen year old complaining witness a certain question on cross-examination where, prior to asking the particular question that was excluded, defense counsel had already been permitted to explore the subject with which the question dealt, namely, the complaining witness's prior sexual experience. [132-134]

At the trial of an indictment charging indecent assault and battery on a child under the age of fourteen, defense counsel should have been allowed to inspect special education records regarding the thirteen year old complaining witness in order to probe for information about whether he was on medication, his ability to remember, the extent of his disabilities, and how material about those subjects bore on his credibility; consequently, this court, while concluding that there was no need to reverse the judgment, remanded the case to the trial court for the purpose of allowing counsel, subject to any appropriate protective orders, to inspect the complaining witness's special education records and, should counsel find information that counsel believes is relevant and material to the defense, move for a new trial. [134-136]

INDICTMENT found and returned in the Superior Court Department on June 6, 1990.

The case was tried before *Robert W. Banks*, J.

*Rosanna Cavallaro* for the defendant.

*James F. Lang*, Assistant District Attorney, for the Commonwealth.

KASS, J. Joseph Gauthier, seventeen years old at the time of the offense, was convicted by a jury of indecent assault and battery on a child under the age of fourteen (G. L.

c. 265, § 13B).[1] There are two grounds of appeal: (1) that the judge erroneously prevented defense counsel from putting to the complaining witness the question: "Have you ever masturbated, [Martin]?"[2]; and (2) that the court did not permit defense counsel to examine the school records of the complaining witness. We affirm.

Martin was thirteen years old when the events he complained of were said to have occurred. His family and that of the defendant lived in the same neighborhood and there had been frequent social interchange between the parents and the children of the two families. February 8, 1990, the day of the incidents charged, was snowy. Martin, who was on the borderline of mental retardation, had bicycled over to the Gauthier house to play. There was a snowball fight during which the defendant, who was then seventeen, said to Martin, "Let's run," and led him into adjoining woods.[3] At a spot where the trail in the woods ended, the defendant took off his leather jacket and put it on the ground. With the considerable command of someone four years older, he instructed Martin to pull down his pants; Martin declined. If Martin did not comply, he, the defendant, would punch him. Martin complied and the defendant also pulled his pants down. The next demand upon Martin was for manual masturbation of the defendant. Again Martin declined and, under threat, complied. Martin spoke of being similarly bullied into acts of fellatio and anal intercourse. Passing by the details testified to, what Martin described was a sordid afternoon.

When the defendant and Martin headed out of the woods, from whence they emerged close to 7 P.M., they at once encountered Martin's distinctly irate father. He had been searching for the boys for some hours. Once Martin was in-

---

[1]A grand jury returned six indictments against the defendant, four of which charged rape of a child and two indecent assault and battery on a child under fourteen. The trial jury acquitted the defendant on five of those six indictments.

[2]We have used a fictitious name for the victim.

[3]The facts as stated are those which the jury could have found, although their verdicts suggest that they believed only that the defendant had touched Martin's penis with his hands.

side his truck, the father asked Martin what he and the defendant had been doing in the woods. Martin told what had gone on.

His father took Martin to the Foxborough police station. After the police interviewed Martin, they escorted him to Norwood Hospital for a physical examinaton. The physician who looked at Martin noted a one inch by one-half inch abrasion on the boy's penis.

1. *Limitation of cross-examination.* The defendant urges that the judge was thrice mistaken in excluding the question, "Have you ever masturbated, [Martin]?" *First*, the question was admissible as an exception stated within the rape-shield statute, G. L. c. 233, § 21B; *second*, despite the rape-shield statute, the question was admissible to explain Martin's otherwise not-to-be-expected familiarity with the sexual conduct about which he testified; and, *third*, the question was admissible to indicate a motive for Martin to fabricate his testimony.

It is a sufficient answer to the points raised that, before defense counsel asked the particular question which was excluded, he had already been permitted to explore the subject with which the question dealt, viz., Martin's prior sexual experience. After Martin had testified that the defendant had demanded Martin "go up and down on his dick," defense counsel asked, "And had you ever done this with Joey before?" The very next question was: "Had you ever done this with anyone before?" Some four pages later in the transcript came the question: "And you had never done any of these type of things before, you say?" After Martin had testified about the defendant demanding fellatio, defense counsel asked: "And you had never done that before?" and "That was the first time you'd done anything like this, what you were doing with Joey?" Finally, just before defense counsel put the excluded question, he had asked Martin, "Had anyone ever done that [referring to the defendant's having placed his hand on Martin's penis] before?" On top of those questions, asking Martin if he had ever masturbated was not

only superfluous but introduced vocabulary likely to flummox a boy of low intelligence.

A trial judge may, in the exercise of discretion, exclude an otherwise permissible question if the subject with which the question treats has been brought adequately to the jury's attention by earlier examination. *Commonwealth v. Hogan*, 7 Mass. App. Ct. 236, 241 (1979). Add to this the more general principle that the judge, in the exercise of sound discretion, may control the length and limits of cross-examination, and the conclusion emerges that the judge lawfully excluded the proposed question. See *Commonwealth v. Dominico*, 1 Mass. App. Ct. 693, 715 (1974).

Even taken on their own terms, the defendant's claims of error are unpersuasive. Although G. L. c. 233, § 21B, as inserted by St. 1977, c. 110, permits introduction of "evidence of recent conduct of the victim alleged to be the cause of any physical feature, characteristic, or condition of the victim" (here the relevant condition was the penile abrasion), a party wishing to introduce such evidence may do so only after written motion and an offer of proof requesting an in camera hearing on the proposed evidence. No written motion preceded the question in issue. This was no trifling procedural omission; the sharply limited exception to the rape-shield statute is not to be made available on the basis of surprise and snap reaction by a trial judge.[4]

Nor was the excluded question admissible on the basis of the principle described in *Commonwealth v. Ruffen*, 399 Mass. 811, 814-815 (1987), that if a child displays knowledge of sexual matters beyond her or his years, evidence of prior sexual experience may be received to show that the knowledge could have been acquired from occasions other than the one complained of involving the defendant. Martin was thirteen years old at the time of the incident and fourteen at the time of trial. Throughout his testimony he used words such as "dick," "butt," "bum," and "white stuff" to

---

[4]For an example of the correct invocation of the exception in G. L. c. 233, § 21B, see *Commonwealth v. Stockhammer*, 409 Mass. 867, 873-874 (1991).

describe what had transpired between him and the defendant. That vocabulary, even in the mouth of a "slow" fourteen year old, "cannot reasonably be viewed as 'extraordinary.'" *Commonwealth v. Rathburn*, 26 Mass. App. Ct. 699, 708 (1988).

Finally, defense counsel had already elicited testimony from Martin that he was supposed to be home before dark, that his father sometimes punished him severely, that he knew his father was angry, and that he was afraid of his father. That was enough to demonstrate that Martin had a motive to lie. Asking the excluded question would not materially have altered the picture.

2. *Access to the complainant's school records.* This case was tried before publication of the decision in *Commonwealth v. Stockhammer*, 409 Mass. 867 (1991). The defendant had served a subpoena on the keeper of the special education records of the Foxborough school system, in which Martin was enrolled as a special needs student,[5] asking for "[a]ll records regarding [Martin]." Defense counsel was probing for information about whether Martin was on medication, his ability to remember, the extent of his disabilities, and how material about those subjects bore on his credibility as the complaining witness. The trial judge conducted an in camera review of the records produced in response to the subpoena. He sifted out a quasi neurological report that he thought might be of value to the defense and ordered the balance of the papers, which he found nonexculpatory, sealed and impounded (so that they might be available for any reviewing court).

Under the *Stockhammer* decision, inspection by the trial judge was held inadequate to the task of picking out what might be useful to the defense in impeaching a witness. The judge, the court observed, might not be in the best position to know what information would work for the defendant, and, in any event, requiring a judge to perform such a task produced an undesirable confusion between the role of trial

_____

[5]See G. L. c. 71B.

judge and defense counsel. *Commonwealth* v. *Stockhammer*, 409 Mass. at 882. The court in *Stockhammer* reflected on gradations of privilege from the absolute, such as the priest-penitent privilege,[6] to the almost absolute, such as the sexual assault counselor-victim privilege,[7] to the qualified, such as the patient-psychotherapist privilege[8] or the social worker-client privilege.[9] Special education records are in the semi-absolute or limited qualification range of the scale; such records are available to parents, guardians, or persons with custody of the child and those directly concerned with the care of the child. See G. L. c. 71B, § 3. Although those gradations assisted the *Stockhammer* court in deciding that fair trial imperatives overrode the psychotherapist privilege of G. L. c. 233, § 20B, in the end the court concluded that, "in appropriate circumstances, even absolute statutory privileges (nonconstitutionally based) must yield to a defendant's constitutional right to use privileged communications in his defense . . . ." *Commonwealth* v. *Stockhammer*, 409 Mass. at 883. It follows that materials clothed with less than absolute privilege, such as special education records, are available to inspection by defense counsel. Such inspection, of course, is subject to conscientious adherence to duties of confidentiality by defense counsel, with or without protective orders. *Ibid.* Before any material is used by counsel in open court, the trial judge may be asked, in camera, to rule on its admissibility. *Id.* at 884.

There is no need to reverse the judgment and, therefore, to require a new trial. Inspection of the special education records may produce nothing of value to the defense. We affirm the judgment but remand the case to the Superior Court for the purpose of allowing counsel, subject to any appropriate protective orders, to inspect Martin's special education records. Should counsel find information that counsel thinks

---

[6]G. L. c. 233, § 20A.

[7]G. L. c. 233, § 20J, which allows disclosure of the communications received by a sexual assault counselor in his or her professional capacity and then only with the consent of the victim.

[8]G. L. c. 233, § 20B, which provides for six exceptions.

[9]G. L. c. 112, §§ 135A, 135B, which provide for sixteen exceptions.

is relevant and material to the defense, the defendant may move for a new trial, and if the judge concludes that the information found could be a significant factor in the jury's decision-making, the motion shall be granted. See *Commonwealth* v. *Simcock*, 31 Mass. App. Ct. 184, 199-200 (1991).

*So ordered.*