**James F. SHAW, Sr., Petitioner,**

v.

**UNITED STATES of America, Respondent.**

Civ. No. 90–3019.
Crim. No. 86–30020–01.

United States District Court,
D. South Dakota, C.D.

Jan. 22, 1993.

Darla Pollman Rogers, Meyer & Rogers, Onida, SD, for petitioner.

Bonnie P. Ulrich, Asst. U.S. Atty., Sioux Falls, SD, for respondent.

## MEMORANDUM OPINION

DONALD J. PORTER, Senior District Judge.

This action comes before the court as petitioner James F. Shaw, Sr.'s motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255 (1990).

### Facts and Proceedings

On August 5, 1986, a jury found petitioner James F. Shaw, Sr. (hereinafter petition-

er) guilty of seven counts of carnal knowledge, in violation of 18 U.S.C. §§ 1153 and 2032. This conviction resulted from evidence that petitioner engaged in numerous acts of sexual intercourse with his eleven-year old foster daughter. Before trial, his counsel filed two written motions seeking the admission of evidence of the victim's "past sexual behavior," in accordance with Fed.R.Evid. 412(b)(2)(A).[1] The proferred evidence consisted of young boys' testimony that they had sexual intercourse with the alleged victim. Petitioner's counsel stated that this testimony was admissible to show that victim's sexual behavior with persons other than petitioner was the source of her "injury," a widened hymen. The court denied petitioner's motions and did not allow the admission of this testimony. Trial Transcript at 3–5 & 291–93 (hereinafter Tr.) Upon petitioner's conviction for these offenses, the court sentenced him to twenty-five (25) years of imprisonment, on September 19, 1986.

Petitioner appealed his conviction to the Court of Appeals for the Eighth Circuit, contending: (1) the district court erred in refusing to allow the admission of evidence of the victim's "past sexual behavior" to prove that petitioner was not the person responsible for "injury" to the victim, pursuant to Fed.R.Evid. 412; (2) certain testimony of two witnesses constituted inadmissible hearsay; and (3) the district court erred in its resolution of certain evidentiary matters. *United States v. Shaw*, 824 F.2d 601, 602, 610 (8th Cir.1987), *cert. denied*, 484 U.S. 1068, 108 S.Ct. 1033, 98 L.Ed.2d 997 (1988). The Eighth Circuit affirmed the judgment against petitioner on July 14, 1987 and denied a petition for rehearing on August 12, 1987.[2] Petitioner sought a writ of certiorari, but the United States Su-

preme Court denied his petition. Petitioner then moved the Court to reduce his sentence, pursuant to FED.R.CRIM.P. 35. The Court denied this Rule 35 motion on July 1, 1988.

On June 22, 1990, petitioner filed this § 2255 Motion to vacate, set aside or correct his sentence. As the basis for this motion, petitioner claims that he received ineffective assistance of counsel in the manner that his counsel sought the admission into evidence of the victim's past sexual behavior, pursuant to Fed.R.Evid. 412.[3] Fed.R.Evid. 412(c) states:

> the accused shall make a written motion to offer such evidence not later than fifteen days before the date on which the trial in which such evidence is to be offered is scheduled to begin, except that the court may allow the motion to be made at a later date, including during the trial, if the court determines either that the evidence is newly discovered and could not have been obtained earlier through the exercise of due diligence or that the issue to which such evidence relates has newly arisen in the case.

Fed.R.Evid. 412(c)(1). Petitioner's counsel made two pre-trial written Rule 412 motions. He based both motions upon the argument that a widened hymen constituted an "injury" allowing the admission of evidence of the victim's past sexual behavior, pursuant to Fed.R.Evid. 412(b)(2)(A).

In these written pre-trial motions, petitioner's counsel did not argue that such evidence should be admitted: (1) to show that victim's sexual behavior with persons other than petitioner was the source of her venereal disease; or, (2) because it was "constitutionally required." *See* Fed.R.Evid. 412(b)(1), (b)(2)(A). Petitioner ar-

---

1. According to Fed.R.Evid. 412, reputation or opinion evidence of an alleged rape victim's past sexual history is not admissible at the trial of the accused sex offender, and other evidence of the victim's past sexual history is not admissible unless it is: (1) "constitutionally required to be admitted," (2) offered to show that persons other than the accused are "the source of semen or injury," or (3) offered to show the victim's consent.

2. The facts of this case are set forth more fully in the Eighth Circuit's decision, *United States v. Shaw*, 824 F.2d 601 (8th Cir.1987), *cert. denied*, 484 U.S. 1068, 108 S.Ct. 1033, 98 L.Ed.2d 997 (1988).

3. Petitioner also originally contended that the trial court so interfered with petitioner's counsel that petitioner was denied the assistance of counsel. However, petitioner abandoned this argument in his November 28, 1990 Brief in Support of Motion to Vacate.

gues that his counsel's failure to include these arguments the pre-trial written motions caused their denial. He claims that if his counsel had included these arguments, the outcome of his trial would have been changed. Therefore, he contends that his counsel's manner of seeking the admission of evidence of the victim's past sexual behavior constituted ineffective assistance of counsel.

The government responds by stating that petitioner's counsel raised these issues at trial and upon direct appeal. The government claims that both the trial court and the appellate court considered these issues and resolved them. Therefore, petitioner may not re-argue these issues in a § 2255 proceeding. The government further asserts that petitioner received effective assistance of counsel. It claims that petitioner's counsel effectively dealt with the question of venereal disease during the trial through cross-examination. Finally, the government argues that petitioner fails to show any constitutional basis requiring the admission of evidence of the victim's past sexual behavior. Thus, the failure of petitioner's counsel to pursue this issue in pre-trial written motions could not constitute ineffective assistance of counsel.

*Discussion*

A. Availability of a § 2255 Motion

■ "Claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255." *Dall v. United States,* 957 F.2d 571, 572 (8th Cir.1992) (citations omitted). Petitioner "cannot raise the same issues in a § 2255 petition that have been decided on direct appeal or in a new trial motion." *United States v. Kraemer,* 810 F.2d 173, 177 (8th Cir.1987) (citing *United States v. Gaus,* 751 F.2d 1506, 1507 (8th Cir.1985) (per curiam); and *United States v. Sanders,* 723 F.2d 34, 36 (8th Cir.1983) (per curiam)).

■ In this proceeding, petitioner first claims that counsel improperly sought the admission of evidence to show that persons other than himself were responsible for the victim's venereal disease. This issue was raised and decided upon direct appeal to the Court of Appeals for the Eighth Circuit. *Shaw,* 824 F.2d at 605–08. The Eighth Circuit discussed Rule 412(b)(2)(A) extensively in defining what constitutes an "injury" to the victim to permit the admission of evidence of the victim's past sexual behavior to demonstrate the source of that "injury." *Id.* The court clearly stated that a victim's venereal disease will not be considered an "injury" allowing the admission of such evidence:

> the injury exception covers limited enumerated physical consequences.... Subdivision (b)(2)(A), as passed with its "semen or injury" language, deleted language of an earlier bill, which would have allowed past sexual behavior evidence when there was an issue of "the source of pregnancy, disease, semen, or injury." Significantly, "pregnancy" and "disease" are both consequences that can be caused by sexual activity occurring many months, in the case of "pregnancy," and possibly many years, in the case of "disease," before the alleged rape.... We think that like the "semen" exception and unlike the abandoned "pregnancy" and "disease" exceptions, the "injury" exception allows a court to deviate from Rule 412's general rule only when the evidence establishes an injury—such as a cut, bruise, or tear—that was sustained reasonably close in time to the alleged rape.

*Id.* at 607–08 (citation omitted); *see also, Id.* at 607 n. 7. Upon direct appeal, the Eighth Circuit decided that evidence of the victim's past sexual behavior was not admissible to show the source of the victim's venereal disease. Therefore, petitioner cannot base his ineffective assistance of counsel claim upon that issue. *See Dall,* 957 F.2d at 572; and *Kraemer,* 810 F.2d at 177.

However, the Eighth Circuit did not rule upon petitioner's second issue: whether the admission of evidence of the victim's past sexual behavior was "constitutionally required." Fed.R.Evid. 412(b)(1). Even though both petitioner and the government raised this issue in their briefs, the court

did not review the issue. Rather, the court stated:

> In some of these situations, of course, the defendant may have a constitutional right to introduce this evidence. *See* Fed.R.Evid. 412(b)(1). Questions as to the scope and meaning of Rule 412(b)(1) are not before us today, however. By failing to raise a Rule 412(b)(1) argument in the district court through either a written motion or orally at trial, Shaw waived his right to obtain full review of this argument on appeal.

*Id.* at 606 n. 6. Since the Eighth Circuit did not review the "constitutionally required" issue, this court must determine whether counsel's manner of presenting this issue constituted ineffective assistance of counsel. *Houser v. United States*, 508 F.2d 509, 514 (8th Cir.1974) (claims of a denial of a constitutional right are generally cognizable under § 2255 even though they could have been asserted upon direct appeal).

### B. Ineffective Assistance of Counsel

■■■ "Ineffective assistance of counsel is a cognizable claim under § 2255." *United States v. Smith*, 843 F.2d 1148, 1150 (8th Cir.1988). In order to demonstrate that he was denied the effective assistance of counsel, petitioner:

> [f]irst ... must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). In order to establish the two prongs of the ineffective assistance of counsel test, petitioner must show that his "counsel's representation fell below an objective standard of reasonableness," *Id.;* and he must show that "there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the pro-

ceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068. The judicial standard of scrutinizing attorney actions is highly deferential. *Id.* at 687, 104 S.Ct. at 2064; *Smith*, 843 F.2d at 1150. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065.

Petitioner claims that he received ineffective assistance because his counsel failed to state that the admission of evidence of the victim's past sexual behavior was "constitutionally required" in the written pre-trial Rule 412 motions. He maintains that he had the right to introduce this evidence pursuant to his Fifth Amendment right to due process and Sixth Amendment right to confrontation. Petitioner argues that if his counsel had followed the procedure set out by Rule 412(c)(1), a reasonable probability exists that the outcome of the trial would have differed.

■■ A defendant seeking to offer "constitutionally required" evidence, pursuant to Rule 412(b)(1), must establish the specific constitutional purpose for its admission. *United States v. Nez*, 661 F.2d 1203, 1206 (10th Cir.1981), *cited in United States v. Saunders*, 736 F.Supp. 698, 700 n. 1 (E.D.Va.1990), *aff'd*, 943 F.2d 388 (4th Cir. 1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1199, 117 L.Ed.2d 439 (1992). Petitioner contends that admission of the proferred evidence is "constitutionally required" by the Fifth Amendment right to due process and the Sixth Amendment right to confront witnesses.

■■ Petitioner does have the constitutional right to "present evidence that is relevant, material and favorable to his defense." *United States v. Begay*, 937 F.2d 515, 523 (10th Cir.1991) (citing *United States v. Valenzuela–Bernal*, 458 U.S. 858, 867, 102 S.Ct. 3440, 3446, 73 L.Ed.2d 1193 (1982)). However, this right is "not unlimited." *United States v. Torres*, 937 F.2d 1469, 1473 (9th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 886, 116 L.Ed.2d 789 (1992). "Admission of all evidence that is

the least bit probative of credibility is not ... always constitutionally required." *United States v. Bartlett*, 856 F.2d 1071, 1088 (8th Cir.1988).

■ The trial court found that petitioner's proferred evidence was intended to raise the inference that the victim "was wild and sexually loose."[4] (Tr. 291) "[E]vidence concerning the victim's past sexual conduct offered for impeachment purposes [is] inadmissible due to its minimal probative value and its highly prejudicial effect." *Bartlett*, 856 F.2d at 1088. "[T]he effect of Rule 412 is 'to preclude the routine use of evidence of specific instances of a rape victim's prior sexual behavior.'" *United States v. Azure*, 845 F.2d 1503, 1506 (8th Cir.1988) (quoting *Shaw*, 824 F.2d at 607). Petitioner has no general right to introduce such evidence without showing the specific constitutional purpose for its admission. *Jeffries v. Nix*, 912 F.2d 982, 986 (1990), cert. denied, —— U.S. ——, 111 S.Ct. 1327, 113 L.Ed.2d 259, *reh'g denied*, —— U.S. ——, 111 S.Ct. 2048, 114 L.Ed.2d 132 (1991); *United States v. Duran*, 886 F.2d 167, 168–70 (8th Cir.1989), *Bartlett*, 856 F.2d at 1088–89; *Nez*, 661 F.2d at 1206.

Petitioner states two specific purposes for the admission of this evidence. He first argues that he is constitutionally entitled to the admission of such evidence to demonstrate the source of the victim's venereal disease. Upon appeal, the Eighth Circuit stated that evidence of the victim's past sexual behavior was inadmissible to show the source of the victim's venereal disease. *Shaw*, 824 F.2d at 607–08. Therefore, petitioner cannot claim in this § 2255 motion that he is constitutionally entitled to the admission of such evidence on this basis. *Dall*, 957 F.2d at 572; and *Kraemer*, 810 F.2d at 177. *See also, Daniels v. Tate*, 865 F.2d 1267 (6th Cir.1989) (no ineffective

assistance of counsel when counsel failed to introduce evidence showing that victim had a venereal disease and declined to secure and present evidence of the victim's past sexual histories).

Petitioner then claims that he was constitutionally entitled to introduce evidence of the victim's past sexual behavior to negate the inference that her sexual knowledge was gained from his assault upon her. At the time of Petitioner's trial, the victim was thirteen (13) years old. (Tr. 57) She testified that the proper anatomical terms she used in her testimony were learned at a class in school. (Tr. 67–68) In light of her age and education, the record does not show that the victim had an unusually advanced amount of sexual knowledge. Thus, no inference that her sexual knowledge was gained solely from petitioner's actions arose. *Torres*, 937 F.2d at 1474 (theory of admissibility rejected because victim's testimony demonstrated no unusual knowledge of sexual terms).[5] Therefore, petitioner fails to establish a specific purpose to show that evidence of the victim's past sexual behavior was "constitutionally required." *See, Nez*, 661 F.2d at 1206.

■ Since petitioner presents no specific constitutional basis requiring the admission of evidence of the victim's past sexual behavior, he cannot argue that his counsel should have done so. The failure to pose a meritless argument does not constitute an unprofessional error that falls "below the objective standard of reasonableness." *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. Especially considering the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," the court finds that the performance of petitioner's counsel was not

4. The trial court barred the evidence pursuant to both Fed.R.Evid. 412 and Fed.R.Evid. 403 as substantially more prejudicial than probative. (Tr. 291) *See United States v. One Feather*, 702 F.2d 736, 739 (8th Cir.1983) ("The policy of Rule 412, to guard against unwarranted intrusion into the victim's private life, may be taken into account in determining the amount of unfair prejudice under Rule 403.")

5. See also, *Commonwealth v. Gautheir*, 32 Mass. App. 130, 586 N.E.2d 34 (1992); *Commonwealth v. Rathburn*, 26 Mass.App. 699, 532 N.E.2d 691 (1988); and *People v. Haley*, 153 Mich.App. 400, 395 N.W.2d 60 (1986) which found that evidence of victim's past sexual behavior is inadmissible when child fails to display a knowledge of sexual matters that is beyond her age and experience.

deficient. *Id.* at 687, 689, 104 S.Ct. at 2064, 2065.

*Conclusion*

Relief pursuant to 28 U.S.C. § 2255 is unavailable to petitioner upon the issue of whether his counsel should have sought the admission of evidence of the victim's past sexual history to show the source of venereal disease because that issue was determined upon direct appeal. Petitioner's claim of ineffective assistance of counsel fails since he cannot show that the admission of evidence of the victim's past sexual behavior was "constitutionally required."

Therefore, in accordance with the reasons stated in this memorandum, it is

ORDERED that petitioner's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, is denied.