STATE of Maine

v.

**Elmer KNOX, Sr.**

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 24, 1993.

Decided Nov. 15, 1993.

David W. Crook, Dist. Atty. and William Baghdoyan, Asst. Dist. Atty., Skowhegan, for the State.

Geoffrey F. Brown, Perkins, Townsend, Shay & Brown, Skowhegan, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

RUDMAN, Justice.

Elmer Knox appeals from the judgment entered on a jury verdict in Superior Court (Somerset County, *Smith, J.*) for two counts of gross sexual assault. 17–A M.R.S.A. § 253 (1983). Knox contends that the trial court erroneously refused to admit testimony from a ten-year-old boy, in which the boy would claim to have had sexual relations with the victim four or five years before the alleged assaults. Finding no clear error, we affirm.

Between September, 1988 and February, 1990, Elmer Knox was alleged to have repeatedly raped a young boy, who was fourteen at the time of trial and between twelve and thirteen at the time of the assaults. Physical evidence of damage to the victim's rectum corroborated the victim's testimony regarding the assaults by Knox. Dr. Lawrence Ricci testified that when he examined the victim in June, 1990, he found a fissure and a scar, that were consistent with either "severe, chronic, massive bowel movements"

resulting from "pathological constipation" or with "penetration ... [by] a penis or adult digit." Because the victim had no history of bowel trouble, Dr. Ricci concluded that outside penetration caused the wounds. Dr. Ricci testified that the damage had to have been caused by at least two, separate traumas, but also admitted that he could not precisely date either injury.

Knox offered testimony by a ten-year-old boy, who claimed to have engaged in anal sex with the victim on three separate occasions some four or five years beforehand. Knox offered the evidence in rebuttal to the "tender years assumption" of sexual naivete, *State v. Jacques,* 558 A.2d 706 (Me.1989), and as an alternative source for the rectal injuries, *M.R.Evid.* 412(b)(1). The trial court excluded the proffered testimony and found that the alleged sexual activity with a five or six-year-old boy could not possibly have been the source of the injury to the victim's rectum.

 Because the victim was nearly fifteen at the time of the trial, the trial court did not err when it rejected the testimony as rebuttal to the tender years assumption. The victim was simply too old to cause the jury to believe that he would not know about the kind of sexual acts he described without having experienced them. The modern world offers many opportunities for a boy that age to have learned about such things. Before testimony to rebut the tender years assumption becomes admissible, the assumption itself must arise. For the inference to arise, the child witness must display extraordinary sexual knowledge for his or her age. *See, e.g., United States v. Torres,* 937 F.2d 1469, 1474 (9th Cir.1991); *State v. Jones,* 490 N.W.2d 787, 791 (Iowa 1992); *Commonwealth v. Gauthier,* 32 Mass.App.Ct. 130, 586 N.E.2d 34, 37 (1992). The victim's testimony did not display unusual knowledge for a boy his age.

Neither did the trial court clearly err when it ruled that the alleged sexual activity could not be the source of the injuries to the victim's rectum. *State v. Dechaine,* 572 A.2d 130, 133 (Me.1990) (relevance determination reviewed for clear error). The witness would have been only five or six years old at the time of the alleged acts, and it does not seem plausible that he would have been able to inflict the damage found by Dr. Ricci. Although Dr. Ricci could not say how old either the scar or the fissure was, it is unlikely that the alleged acts would have left the victim with an open wound after several years had passed. In view of the testimony of the ten-year-old witness that he could not remember if there had been penetration, the trial court properly excluded the proffered testimony, which would only relate to the scar. In sum, although the testimony may have carried a scintilla of probative value, any error in its exclusion was harmless.

The entry is:

Judgment affirmed.

All concurring.