After a bench trial, the defendant was convicted of indecent assault and battery on a person fourteen years of age or older and intimidation of a witness. On appeal, he contends that the judge erroneously excluded proffered testimony under the rape-shield statute, G. L. c. 233, § 21B. We affirm.
The record before us[2] establishes that on the day of trial defense counsel orally informed the prosecutor that he intended to call a witness, a coworker of both the defendant and the victim, who would testify that the victim "had been physically involved" with the coworker and "had initiated the physical contact." In response to defense counsel's disclosure, the prosecutor filed a handwritten motion in limine to exclude the coworker's testimony under the rape-shield statute. After a hearing on the motion in limine, the judge excluded the testimony.
"The [rape-shield] statute precludes admission of evidence of a victim's 'reputation' with respect to 'sexual conduct,' as well as '[e]vidence of specific instances of a victim's sexual conduct.' " Commonwealth v. Harris, 443 Mass. 714, 721 (2005), quoting from G. L. c. 233, § 21B. However, "where specific instances of an alleged victim's sexual conduct are relevant to show bias or a motive to lie, the evidence may be admissible even where § 21B governs." Commonwealth v. Parent, 465 Mass. 395, 405 (2013).
The defendant contends that the trial judge abused his discretion by excluding the coworker's testimony, which he claims was probative of the victim's bias and lack of credibility. To the extent that the coworker's testimony qualified as an exception to the rape-shield statute, "[s]uch evidence is admissible, however, only after an in camera hearing 'on a written motion for admission of same and an offer of proof.' " Commonwealth v. Cortez, 438 Mass. 123, 129 (2002), quoting from G. L. c. 233, § 21B. See Commonwealth v. Gauthier, 32 Mass. App. Ct. 130, 133 (1992) (absence of written motion "was no trifling procedural omission; the sharply limited exception to the rape-shield statute is not to be made available on the basis of surprise and snap reaction by a trial judge").
Here, the defendant did not prepare a written motion, but rather gave the prosecutor oral notice, prompting her to hastily prepare a motion in limine. In the absence of a written motion and offer of proof, the judge did not abuse his discretion in excluding this evidence.
Judgments affirmed.

Although the defendant timely filed a notice of appeal in the District Court in 2011, inexplicably no action was taken to assemble the record. By the time successor appellate counsel attempted to have a transcript prepared, the audiotapes of the trial had been destroyed. In an informal attempt to recreate the record, the defendant included an affidavit of trial counsel in his record appendix, even though it was not record material. See Mass.R.A.P. 8(a), as amended, 378 Mass. 932 (1979). After the defendant filed his brief, the Commonwealth obtained a stay of the appeal in order to settle the record under Mass.R.A.P. 8(e), as amended, 378 Mass. 934 (1979). Our review is limited to the record as found by the District Court judge who acted on that motion.