UNITED STATES of America,
Plaintiff-Appellant,

v.

McDOWELL CONTRACTORS, INC.,
Defendant-Appellee.

No. 81–5413.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 23, 1981.

Decided Jan. 11, 1982.

Hal D. Hardin, U. S. Atty., Nashville, Tenn., John L. Burley, U. S. Dept. of Justice, Chicago, Ill., Robert B. Nicholson, U. S. Dept. of Justice, Washington, D. C., for plaintiff-appellant.

William H. Jeffress, Jr., Miller, Cassidy, Larroca & Lewin, Washington, D. C., H. Lee Barfield, Bass, Berry & Sims, Nashville, Tenn., for defendant-appellee.

Before LIVELY and JONES, Circuit Judges, and PECK, Senior Circuit Judge.

PER CURIAM.

This case presents broad questions concerning the interplay between Rules 11 and 35 of the Federal Rules of Criminal Procedure. The narrower issue raised on appeal is whether the district court exceeded its statutory authority under Rule 35 by modifying a sentence agreed to by the parties under Rule 11. The trial court accepted the parties' plea bargain and sentenced the defendant corporation in accordance with the agreement, but also invited the defendant to file a Rule 35(b) petition for reduction of sentence, which was granted.

The relevant facts are that McDowell Contractors, Inc., pleaded guilty to two counts of bidrigging in violation of the Sherman Act, 15 U.S.C. § 1, et seq. McDowell's plea bargain with the government called for payment over three years of a fine totalling (with interest) $645,000. McDowell met its payment schedule by paying $150,000 of this fine on March 31, 1981. On May 7 of that year the district court suspended the fine [1] on the condition that McDowell "repair six bridges in the State of Tennessee in accordance with plans to be

---

1. The record before us does not clearly show whether the entire fine or only the unpaid balance of it was suspended.

agreed upon with the State Highway Department, without compensation, with all work to be completed within two years." The district court had earlier gauged the retail costs of such bridge repairs to be $626,000, some $501,000 of which would otherwise have been paid by the federal government.

The government appeals this reduction of sentence, arguing not unpersuasively that the legislative history of Rule 11(e)(1)(C) shows that Congress intended to deny district courts the authority to lessen sentences agreed on in a plea bargain that the district court has accepted. McDowell rejoins, also not unpersuasively, that such a reading of Rule 11 would improperly curtail the broad discretionary power granted to federal trial courts by Rule 35(b).

■ Although appellate courts may one day be required to harmonize these two rules, this Court need not now do so, for the issue has not been preserved for appellate consideration. It is this Court's inveterate rule not to reverse on grounds not raised in the district court. *E.g., United States v. Hoye*, 548 F.2d 1271, 1273 (6th Cir. 1977) (per curiam); *United States v. Bowling*, 351 F.2d 236, 241 (6th Cir. 1965), *cert. denied*, 383 U.S. 908, 86 S.Ct. 888, 15 L.Ed.2d 973 (1966). The government did not raise in the district court the argument that Rule 11 deprived district courts of authority to mitigate sentences hammered out in accepted plea agreements. Rather, the government argued that the district court lacked the authority under 18 U.S.C. § 3651 to make suspension of the agreed-on fine contingent on "restitutionary" bridge repairs by McDowell. This argument was implicitly rejected by the district court and has been abandoned on appeal. The government also argued below that it would lose the "benefit of its bargain" with McDowell if the district court suspended McDowell's fine and imposed the condition of bridge-repairing. This last argument, raised in the government's response to McDowell's Rule 35 motion, addresses not what a district court *may* do, but what it *should* do. The government did not by this argument preserve its present Rule 11 challenge to the district court's authority to alter the sentence in an accepted plea bargain. Given the wide discretion accorded to district judges under Rule 35, we cannot hold that the conditions imposed by the district court exceeded what that court *should have done* on a Rule 35 motion.

■ A distinct alternative ground for not disturbing the conditional suspended sentence imposed on McDowell is estoppel. The government sought no stay of the district court's final sentence, as it might have done from either this Court or from the district court. *See* Rule 38, Fed.R.Crim. Pro. (providing for stay of fine or probation order pending appeal). The government admits that McDowell has already completed a portion of the bridge repairs. To reimpose the original fine would be to increase it by the cost of those repairs. Adjustments in the fine could be made only after a time-consuming remand that is unwarranted on the facts of this case.

The government argues that invoking estoppel principles would allow McDowell to profit from its "unreasonable haste" in starting to meet the conditions of its suspended sentence. It would be ironic for this Court to penalize a defendant for promptness in adhering to a final judgment of a federal district court. A defendant is under no obligation to delay serving a sentence merely because the government has appealed.

For practical reasons as well, McDowell's haste was understandable. Although the company had two years to finish the bridges, this Court can notice that it is best to fix bridges while the sun shines. McDowell would have lost an entire summer by awaiting resolution of this appeal.

The judgment of the district court is affirmed.

NATHANIEL R. JONES, Circuit Judge, concurring.

While I concur in the result reached by the majority substantially for the reasons set forth as an alternative ground for deci-

sion, I write separately because, without regard to whether the argument was specifically brought to the attention of the district court, the government's claim that the district court had no power to modify the plea agreement under Rule 11(e)(1)(C) of the Federal Rules of Criminal Procedure is properly before this Court.

Although this Court generally will not entertain issues on appeal which were not raised below and which would benefit from a factual record, *United States v. Bowling,* 351 F.2d 236, 241 (6th Cir. 1965), *cert. denied,* 387 U.S. 908, 86 S.Ct. 888, 15 L.Ed.2d 973 (1966), we may, in our discretion, pass on issues not raised below: (1) when the issue is one purely of law unaffected by the factual record or for which the factual record has been developed, *see Hormel v. Helvering,* 312 U.S. 552, 557–59, 61 S.Ct. 719, 721–22, 85 L.Ed. 1037 (1941); (2) when the parties have fully briefed the legal issue on appeal, *see Cuyler v. Sullivan,* 446 U.S. 335, 342 n.6, 100 S.Ct. 1708, 1715 n.6, 64 L.Ed.2d 333 (1980); *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation,* 402 U.S. 313, 320 n.6, 91 S.Ct. 1434, 1438 n.6, 28 L.Ed.2d 788 (1971); *United States v. Carter,* 576 F.2d 1061, 1063 n.5 (3rd Cir. 1978); or (3) when justice requires such consideration, *see Singleton v. Wulff,* 428 U.S. 106, 121, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976); *Hormel v. Helvering, supra.*

Each of the three grounds justifying the consideration on appeal of issues not raised below is present herein. Whether the district court had power under Rule 11(e) to modify a Rule 11(e)(1)(C) plea agreement is strictly an issue of law; as noted by the majority, the issue was well argued by both sides; and, substantial justice is implicated in the rules governing judicial treatment of plea agreements struck between government and defendant.

Moreover, this Court is always empowered and duty bound to consider whether its jurisdictional base or that of the court below is absent. *E.g., Mitchell v. Maurer,* 293 U.S. 237, 244, 55 S.Ct. 162, 165, 79 L.Ed. 338 (1934). The government claims that the court is without authority pursuant to Rule 11(e) of the Federal Rules of Criminal Procedure to modify a specific sentence to which the prosecution and defense have agreed. It is clear beyond peradventure that a valid criminal rule of procedure, promulgated by authority of 18 U.S.C. §§ 3771 and 3772, may limit the subject matter jurisdiction of the federal district courts. *See, e.g., United States v. Robinson,* 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960). The rule that the court will always consider claims that jurisdiction is lacking is fixed by long practice and disturbed only under narrow circumstances not present in the case at bar. *See Secretary of the Navy v. Avrech,* 418 U.S. 676, 94 S.Ct. 3039, 41 L.Ed.2d 1033 (1974) (insufficient argument, difficult jurisdictional problem, merits determination foreordained against that party who would also lose if jurisdiction absent). I conclude, therefore, that this Court has both jurisdiction and an affirmative obligation to determine whether the district court had authority to modify the plea agreement. *See, e.g.,* 13 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure*: Jurisdiction § 3522 at 48 & n.12 (1975) and cases collected therein.

Accordingly, though concurring in the result, I do not rest my decision on the ground that the government did not first raise in the district court its argument that jurisdiction is lacking to modify the agreed sentence.