UNITED STATES of America, Plaintiff-Appellee,

v.

Lawrence C. CARDINAL, Defendant-Appellant.

No. 85–1333.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 5, 1985.

Decided Jan. 8, 1986.

Paul A. Peterson (argued), Ishpeming, Mich., for defendant-appellant.

Donald Daniels, Asst. U.S. Atty. (argued), Grand Rapids, Mich., for plaintiff-appellee.

Before MARTIN and CONTIE, Circuit Judges and CELEBREZZE, Senior Circuit Judge.

BOYCE F. MARTIN, Jr., Circuit Judge.

Lawrence C. Cardinal appeals his conviction for rape on an Indian reservation, in violation of 18 U.S.C. § 2031. After a jury trial, Cardinal was sentenced to thirty years' imprisonment and charged a $50 fine. 18 U.S.C. § 3013(a)(2)(A). Because the alleged rape occurred on an Indian reservation and both the accused and the complainant are American Indians, exclusive federal jurisdiction was invoked under the Major Crimes Act. 18 U.S.C. § 1153.

The only fact in dispute is the occurrence of the rape itself. Lawrence Cardinal is a forty-eight-year-old American Indian. He is an uncle by marriage to Tammy Empen, the thirteen-year-old complainant. Empen lives in a foster home in Iron Mountain, Michigan, but frequently visits her mother, who resides on the Keweenaw Bay Indian Reservation. Empen testified that during one visit, on November 24, 1984, she walked with Cardinal to an abandoned shack on the reservation. She testified that while in the shack, he forced her onto a bed and raped her. Cardinal admits taking a walk with Empen that afternoon, but denies entering the cabin or committing the rape. A doctor who examined Empen later that night found evidence of spermatozoa

and/or seminal fluid but could not testify to a time the intercourse might have occurred.

■ Empen has reported other instances of sexual assault by family members. Cardinal contends that the trial court committed reversible error by refusing to admit evidence of these prior charges and their subsequent withdrawal. The government argues that Empen's charges, made against Empen's stepfather and Cardinal, were true and were withdrawn because of fear of retaliation from Empen's mother. The trial court held this evidence inadmissible under Rule 412, Fed.R.Evid., the federal "rape-shield" rule. Rule 412 limits the admissibility of evidence of a rape victim's past sexual behavior to three situations: when constitutionally required, when relevant and more probative than prejudicial on the source of semen or injury, and when relevant and more probative than prejudicial on the issue of consent. Rule 412(b)(1), (b)(2)(A) and (B), Fed.R.Evid.

Cardinal argues that evidence of these prior charges should not have been excluded under Rule 412, as the issue was one of credibility and not prior sexual conduct. He contends that the evidence is admissible to assess the credibility of the complainant, and should have been admitted in cross examination under Rule 607 and 608(b), Fed.R.Evid.

Even accepting Cardinal's argument as excusing compliance with the procedural requirements of the rule, Rule 412(c)(1), Fed.R.Evid., his contention ignores the basic policy of Rule 412. Its "principal purpose ... is to protect rape victims from the degrading and embarrassing disclosure of intimate details about their private lives." 124 Cong.Rec.H. 11944 (daily ed. Oct. 10, 1978) (statement of Rep. Mann). The lower court applied this policy to the facts of the instant case, stating

> I don't see how you can separate evidence of a victim's past sexual behavior from the fact that she had made an allegation of rape and then withdrawn it. I think they are interwoven. This is a thirteen-year-old young lady [and under]

the spirit of Rule 412, it seems to me that it's just this type of allegation that this young woman should be protected from.

The district judge thus demonstrated a sensitivity to the policy supporting the rape-shield rule. *See United States v. One Feather*, 702 F.2d 736, 739 (8th Cir.1983). Cardinal's citation to *United States v. Nez*, 661 F.2d 1203 (10th Cir.1981) is not persuasive. *Nez* held only that the defense counsel's failure to establish a proper purpose for the cross examination in the trial court precluded appellate review of the district court's exclusion of the evidence. *Id.* at 1206. This case offers no reason to curtail the trial court's wide discretion in evidentiary matters.

■ Cardinal argues next that the jury instructions, as given by the trial court, constituted reversible error. The court instructed the jury that if they unanimously found the defendant not guilty of rape, they must proceed to consider the lesser offense of carnal knowledge of a female under 16 years of age, 18 U.S.C. § 2032. Cardinal contends that the proper instruction would require the jury to consider the lesser included offense if, after consideration of the crime charged in the indictment, they have "some reasonable doubt" as to guilt of the greater offense. *Fuller v. United States*, 407 F.2d 1199, 1227 (D.C.Cir.1967), *cert. denied*, 393 U.S. 1120, 89 S.Ct. 999, 22 L.Ed.2d 125 (1969).

This issue is not properly before the Court. At trial, Cardinal objected to the issuance of the lesser included offense instruction but not to the manner in which it was given. It is undisputed that defense counsel did not raise a contemporaneous objection to the method of consideration described in the instructions. Under *Steagald v. United States*, 451 U.S. 204, 211, 101 S.Ct. 1642, 1647, 68 L.Ed.2d 38 (1981) and Rule 51, Fed.R.Crim.Proc., failure to raise an objection at trial prevents its consideration on appeal. *United States v. Hamilton*, 689 F.2d 1262, 1275 (6th Cir.1982), *cert. denied*, 459 U.S. 1117, 103 S.Ct. 753, 74 L.Ed.2d 971 (1983). As we stated in

*United States v. McDowell Contractors, Inc.*, 668 F.2d 256, 257 (6th Cir.1982): "It is this Court's inveterate rule not to reverse on grounds not raised in the district court."

Clearly the jury instructions given in this case do not constitute a "plain error or defect affecting substantial rights," which may be raised for the first time on appeal under Rule 52(b), Fed.R.Crim.Proc. The language of the instruction was taken from the standard federal instruction on consideration of lesser included offenses. 2 E. Devitt & C. Blackmar, *Federal Jury Practice & Instructions*, § 18.05 (3d ed. 1977).

Unlike *United States v. Jackson*, 726 F.2d 1466, 1469–70 (9th Cir.1984), the defendant in this case did not request an alternate charge. The *Jackson* court stated that "either formulation may be employed if the defendant expresses no choice." *Id.* at 1469. The only error in that case was the court's rejection of the defendant's timely request for an alternate charge; the case therefore lends no support to Cardinal's argument. Another circuit has held that even the rejection of such a request does not rise to an error of constitutional magnitude. *Catches v. United States*, 582 F.2d 453, 459 (8th Cir.1978). *See also United States v. Moccia*, 681 F.2d 61, 64 (1st Cir.1982); *O'Clair v. United States*, 470 F.2d 1199, 1204 (1st Cir.1972), *cert. denied*, 412 U.S. 921, 93 S.Ct. 2741, 37 L.Ed.2d 148 (1973).

Cardinal also attacks his sentence, arguing that the trial court may have relied on hearsay statements, prior acquittals, and improper parole guidelines in imposing sentence. These arguments are without merit.

■ Hearsay information may be included in a presentence report, 18 U.S.C. § 3577, and may be considered at a sentencing hearing. *Williams v. Oklahoma*, 358 U.S. 576, 79 S.Ct. 421, 3 L.Ed.2d 516 (1959); Rule 1101(d)(3), Fed.R.Evid. Study of the record reveals no indication that the trial judge improperly relied on hearsay evidence in imposing sentence; Cardinal's argument is precariously based on the trial judge's failure to state he was *not* considering it.

■ Cardinal's contention that the trial court improperly considered his prior acquittals, particularly in two sexual assault charges, is also without merit. The trial court in fact indicated his approach to nonconvictions, to which defense counsel agreed. Cardinal's argument here is centered around the judge's reference at the sentencing hearing to Cardinal's "very bad record," and his statement that this conviction brought "those prior charges into focus a little more." An objective reading of the transcript indicates a great effort on the part of the trial judge to fairly assess defendant's record. In sum, "the trial court did not err in referring to information in the presentence report concerning the circumstances surrounding a prior acquittal." *United States v. Plisek*, 657 F.2d 920, 927 (7th Cir.1981).

■ The trial judge was not misled by the proposed parole guideline form. Cardinal argues that a parole guideline form attached to the presentence report understated the number of points on his record. As a result, Cardinal contends that the projected date of his parole was too early, which led the judge to impose a harsher sentence than he otherwise might have done. Although a novel argument, there is no indication that the trial judge relied on these guidelines in imposing sentence. Even assuming the calculations are incorrect, they are only for informational purposes and in any event may be challenged through the proper administrative channels.

Finally, we hold that there was sufficient evidence in this case to support the conviction. *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942). *See United States v. Kennedy*, 714 F.2d 968, 973 (9th Cir.1983), *cert. denied*, 465 U.S. 1034, 104 S.Ct. 1305, 79 L.Ed.2d 704; *United States v. Terry*, 362 F.2d 914, 916 (6th Cir.1966), *cert. denied*, 385 U.S. 1029, 87 S.Ct. 758, 17 L.Ed.2d 676 (1967). *See also Brown v. Davis*, 752 F.2d 1142, 1144–47 (6th Cir.1985).

The judgment of the district court is affirmed.