922 F.2d 842
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bobby Ray WOOTEN, Defendant-Appellant.
 Nos. 90-5571, 90-5572.
 United States Court of Appeals, Sixth Circuit.
 Jan. 8, 1991.
 
 Before BOYCE F. MARTIN, Jr. and DAVID A. NELSON, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Bobby R. Wooten entered a plea of guilty to an indictment charging him with conspiracy to possess and distribute cocaine while released from custody on a previous offense, in violation of 21 U.S.C. Sec. 846 and 18 U.S.C. Sec. 3147. Wooten makes two claims on appeal. First, he contends that the district court's application of a four-level sentence adjustment, pursuant to U.S.S.G. Sec. 3B1.1, is predicated on clearly erroneous factual findings as to his role in the offense. Second, Wooten argues that 18 U.S.C. Sec. 3147 and the Sentencing Guideline provision addressing that statute, U.S.S.G. Sec. 2J1.7, may have been improperly applied because the government made no application for its imposition. For the following reasons, we affirm.
 
 
 2
 From 1987 to 1989, Bobby R. Wooten was involved in the large-scale trafficking of cocaine and marijuana in the Northeast Alabama/Southwest Tennessee area. His extensive operation included cocaine suppliers from Florida, Texas, and California. On June 25, 1989, Wooten and his partner, Wendell Gass, were stopped by United States Boarder Patrol agents outside Larado, Texas. Wooten was searched and found to possess a quantity of cocaine; a search of the vehicle revealed $114,000 in cash. Wooten was arrested by Drug Enforcement Administration agents and charged with possession of cocaine with intent to distribute. Wooten later plead guilty in the Southern district of Texas to the reduced charge of cocaine possession. In the interim, Wooten continued to traffic in controlled substances.
 
 
 3
 On November 30, 1989, one of Wooten's agents, Don Masterson, was arrested after delivering twenty ounces of cocaine to an undercover officer. Masterson informed investigators that his supplier was Bobby Wooten. Officers then outfitted Masterson with a recording device which he wore while meeting with Wooten for the purpose of paying Wooten $20,000 as proceeds from the November 30 transaction. Wooten accepted the money and told Masterson that he needed large amounts of cash to complete a ten kilogram cocaine deal in California. Wooten was thereafter arrested, charged, and convicted of conspiracy to possess and distribute cocaine. He was sentenced to a term of twelve and a half years of imprisonment, four years of supervised release, and a special assessment fee of fifty dollars.
 
 
 4
 On appeal Wooten argues that the district court erred in applying U.S.S.G. Sec. 3B1.1(a) to enforce a four-level adjustment based on his aggravated role in the offense. Specifically, the defendant claims that the district court erred in finding Bob Shull, C.J. Johnson, and Mrs. Cross to be "participants" in the criminal activity.
 
 Section 3B1.1 provides in pertinent part:
 Aggravating Role
 
 5
 Based on the defendant's role in the offense, increase the offense level as follows:
 
 
 6
 (a) If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels.
 
 
 7
 Defendant does not dispute the district court's finding that he was organizer of a criminal activity in which he, Donald Masterson, Tammy Masterson, and Wendell Gass were involved. However, Wooten claims that there is no evidence in the record to support a finding that either Shull, Johnson, or Cross was a "participant" under Sec. 3B1.1(a).
 
 
 8
 We disagree. The record shows ample evidence to establish both Shull and Johnson as distributors for Wooten; most importantly, Wooten's fronting of large amounts of cocaine to them both. Mrs. Cross's role in providing both her business location and personal residence as outlets for Wooten's activities could be found, in the district court's discretion, to be significant involvement. This Court will review a factual finding by the district court as to a Sec. 3B1.1(a) adjustment only for clear error. United States v. Barrett, 890 F.2d 855 (6th Cir.1989). Given the number of people involved in Defendant's scheme, and its otherwise extensive nature, we find no clear error in the district court's application of Sec. 3B1.1(a).
 
 
 9
 Defendant also challenges the district court's application of the sentence enhancing provision of 18 U.S.C. Sec. 3147. Section 3147 operates to add three offense levels to any crime committed while on release from another offense. The notes following U.S.S.G. Sec. 2.J17 require that Sec. 3147 be imposed only upon application of the government. Defendant claims that despite the fact that the indictment clearly indicated the government's intention to seek Sec. 3147 enhancement, such action is insufficient to establish government "application."
 
 
 10
 We need not reach this issue. Defendant failed to object to the use of Sec. 3147 at any stage below. This court shall not consider an appeal on grounds not properly preserved before the trial court. United States v. Cardinal, 782 F.2d 34 (6th Cir.1986). Thus, defendant's claim is precluded.
 
 
 11
 Accordingly, the judgement of the district court is affirmed.