1 F.3d 1242
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David W. CHRISTIAN, Defendant-Appellant.
 No. 92-3882.
 United States Court of Appeals, Sixth Circuit.
 Aug. 9, 1993.
 
 Before: KEITH and RYAN, Circuit Judges; and WELLFORD, Senior Circuit Judge.
 RYAN, Circuit Judge.
 
 
 1
 The defendant, David Christian, appeals from the judgment and sentence imposed following his plea of guilty to drug and firearm charges. On appeal, he argues only that 21 U.S.C. Sec. 841(b) and the applicable sentencing guidelines, which mandate more severe penalties for distribution of cocaine base than for the same quantity of cocaine powder, are unconstitutionally vague.
 
 
 2
 For the reasons that follow, we affirm.
 
 I.
 
 3
 The defendant, along with a codefendant who is not involved in this appeal, sold some eight ounces of crack cocaine to an undercover detective of the Dayton Police Department in October 1991. After being charged with various drug and firearms offenses in a multicount indictment, Christian reached a plea agreement with the government in which he pled guilty to one count of distribution of more than fifty grams of cocaine base, in violation of 21 U.S.C. Secs. 841(a)(1) & (b)(1)(A)(iii), 18 U.S.C. Sec. 2, and to one count of possession of a firearm during the commission of a drug trafficking crime, in violation of 18 U.S.C. Sec. 924(c). The government dismissed the seven counts remaining against Christian. Christian's aggregate sentence for the two counts was 211 months' imprisonment, five years' supervised release, and a $4,000 fine.
 
 
 4
 Christian filed this timely appeal.
 
 II.
 
 5
 The defendant raises a constitutional challenge to his conviction, over which, as a question of law, this court exercises de novo review. United States v. Knipp, 963 F.2d 839, 843 (6th Cir.1992). Despite careful review of the record, however, we are unable to find any indication that the defendant raised this argument below. " 'It is this Court's inveterate rule not to reverse on grounds not raised in the district court.' " United States v. Cardinal, 782 F.2d 34, 36-37 (6th Cir.) (quoting United States v. McDowell Contractors, Inc., 668 F.2d 256, 257 (6th Cir.1982)), cert. denied, 476 U.S. 1161 (1986).
 
 
 6
 We note, moreover, that this court decided United States v. Avant, 907 F.2d 623 (6th Cir.1990), fewer than three years ago. In Avant, we considered the relevant provisions of 21 U.S.C. Sec. 841(b) and of U.S.S.G. Sec. 2D1.1(a)(3), which "mandate[ ] a substantially stiffer sentence for possession with intent to distribute cocaine base than for a similar amount of simple cocaine[.]" Id. at 624. We held that "the statute's definition of crack is not void for vagueness." Id. at 627. Because we are bound by the prior decisions of the court, Salmi v. Secretary of HHS, 774 F.2d 685, 689 (6th Cir.1985), we would therefore necessarily reject Christian's argument even had he raised it below.
 
 
 7
 AFFIRMED.