59 F.3d 172
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Bernard YORK, Defendant-Appellant.
 No. 94-3655.
 United States Court of Appeals, Sixth Circuit.
 June 20, 1995.
 
 Before: MILBURN and RYAN, Circuit Judges; and Godbold, Senior Circuit Judge.*
 RYAN, Circuit Judge.
 
 
 1
 Defendant, Bernard York, appeals his conviction of interstate transportation of a minor for the purposes of prostitution, in violation of 18 U.S.C. Sec. 2423, entered after a remand was ordered by this court. In this second appeal, we are asked to determine: (1) whether the district court erred by not requiring the government to make an election between sentencing York under 18 U.S.C. Sec. 2421 or 18 U.S.C. Sec. 2423, and (2) whether the district court erred in sentencing the defendant under 18 U.S.C. Sec. 2423 instead of 18 U.S.C. Sec. 2421. We conclude that the district court did not err and, therefore, affirm the judgment of the district court.
 
 I.
 
 2
 In December 1990, two fifteen-year-old girls, referred to in the proceedings as "Individual A" and "Individual B," were in the custody of the United Methodist Children's Home in Worthington, Ohio. The two girls ran away from the home during a trip to the grocery store; they intended to travel to Individual B's home in Dayton, Ohio. After leaving the store, they called Individual A's friend. This friend picked them up and took them to his apartment. One night, the girls met York's codefendant, Anthony Mosley, at a bar. Mosley persuaded the girls to come to his apartment with the promise that he would take them to Dayton the next day.
 
 
 3
 The next morning, Mosley convinced the girls to engage in prostitution on the streets of Columbus. They agreed to do so, and they turned over the money they earned to Mosley. Mosley introduced the girls to defendant York. York and Mosley drove the girls and an adult prostitute to Washington, D.C., in York's car. In Washington, Mosley and York introduced the girls to the area frequented by prostitutes, bought them clothes to wear out on the street, and instructed them on how to succeed as prostitutes in Washington, D.C. The girls again turned over the money they earned to Mosley. The adult prostitute worked for York.
 
 
 4
 The scheme ended when one girl turned herself into police after she was raped, and when police found the other girl walking on the Beltway outside Washington missing some of her clothes.
 
 II.
 
 5
 York was indicted on four counts. Counts 1 and 2 charged York with transporting a minor in interstate commerce for the purpose of prostitution, in violation of 18 U.S.C. Secs. 2423 and 2. Counts 3 and 4 charged York with interstate transportation of a person for the purposes of prostitution, in violation of 18 U.S.C. Secs. 2421 and 2.
 
 
 6
 A jury convicted York on all four counts. The district court sentenced York to 87 months imprisonment on counts 1 and 2 and to a concurrent term of 60 months on counts 3 and 4.
 
 
 7
 York appealed. A panel of this circuit affirmed in part and reversed in part and remanded the case to the district court with instructions. Relevant to this appeal, the panel held that the defendant's sentence violated the rule announced by the Supreme Court in United States v. Bell, 349 U.S. 81 (1955), that the simultaneous transportation of more than one woman in interstate commerce to engage in prostitution amounts to only one offense under 18 U.S.C. Sec. 2421. The panel reversed and remanded the case to the district court with instructions to reverse York's convictions to the extent they were inconsistent with Bell. The panel also held that the district court erred by not requiring the government to make an election between Sec. 2423 or Sec. 2421 because, under Blockburger v. United States, 284 U.S. 299 (1932), Sec. 2423 and Sec. 2421 are not two separate offenses as they do not each require proof of an additional fact which the other does not. Because the defendant could not constitutionally be convicted under both statutes, the panel remanded the case to the district court to conduct proceedings consistent with Blockburger.
 
 
 8
 On remand, the government filed a sentencing memorandum with the district court in which the government recommended that the district court reverse York's convictions on counts 2 and 3 and vacate his conviction on count 4. Based on this suggestion, the district court resentenced the defendant on count 1 of the indictment to 87 months imprisonment. The defendant appeals and urges this court to reverse.
 
 III.
 
 9
 The defendant makes two arguments on appeal. First, he argues that he faced a multiplicitous indictment, and that the district court erred by not requiring the government to make an election between charging the defendant under 18 U.S.C. Sec. 2421 or Sec. 2423. A typical multiplicity problem involves a statute which creates a single offense for an act involving several potential victims as is the case with 18 U.S.C. Sec. 2421. Regarding multiplicitous indictments, this court, in United States v. Reed, 639 F.2d 896 (6th Cir. 1981), stated:
 
 
 10
 An indictment that is multiplicitous is not fatal and does not require dismissal. The defendant may move to have the prosecution elect among the multiplicitous counts, with all but the one elected dismissed. This is a matter for trial court discretion, and is most appropriate when the mere making of the charges would prejudice the defendant with the jury. The principal danger in multiplicity--that the defendant willbe given multiple sentences for the same offense--can be remedied at any time by merging the convictions and permitting only a single sentence.
 
 
 11
 Id. at 904 n.6 (citing 1 C. Wright, Federal Practice and Procedure Sec. 145, at 336 (1969))(emphasis added).
 
 
 12
 This principle was reiterated by this court in United States v. Throneburg, 921 F.2d 654 (6th Cir. 1990), where the court said:
 
 
 13
 It is elemental, of course, that the prosecution has broad discretion in bringing criminal cases, and that the district court has discretion in deciding whether to require the prosecution to elect between multiplicitous counts especially "when the mere making of the charges would prejudice the defendant with the jury." We may reverse only for an abuse of discretion.
 
 
 14
 Id. at 657 (citations omitted)(emphasis added).
 
 
 15
 In Ball v. United States, 470 U.S. 856 (1985), the defendant was charged with both the receipt of a firearm and the possession of the same firearm by a convicted felon. The Supreme Court held that the government may seek a multi-count indictment against a defendant for both the receipt and possession of the same firearm. However, the defendant cannot be convicted and sentenced for both. If the jury returns a verdict of guilty on both counts, the trial court must enter judgment on only one count. Id. at 856.
 
 
 16
 Referring to the Supreme Court's decision in United States v. Ball, the Throneburg court stated:
 
 
 17
 [W]hen multiplicitous prosecutions and convictions occur, "the only remedy consistent with the congressional intent is for the district court, where the sentencing responsibility resides, to exercise its discretion to vacate one of the underlying convictions." Ball ... [is] ample authority for [a] district court to defer to the government's discretion to conduct [a] prosecution in [a] case upon multiplicitous counts, recognizing that the court could merge the convictions after the jury verdicts are recorded.
 
 
 18
 Id. (citations omitted).
 
 
 19
 Bell v. United States, 349 U.S. 81 (1955), specifically held that a defendant cannot be charged twice under 18 U.S.C. Sec. 2421 for transporting two women across state lines for the purpose of prostitution. Id. at 83. For this reason, the first panel to hear this appeal held that defendant York's case had to be remanded to the district court because he was charged and convicted of two counts under Sec. 2421 and two counts under Sec. 2423 for transporting two women.
 
 
 20
 The defendant's claim that the district court was obligated to require the government to make an election between prosecution under Sec. 2421 or prosecution under Sec. 2423 is erroneous for several reasons. First, the law in this circuit is that the district court has discretion to decide whether to require the prosecution to make an election. Second, the government effectively made an election when it recommended to the district court on remand that it reverse counts 2 and 3 and vacate count 4. Moreover, the errors in the defendant's convictions and sentences were corrected: (1) the defendant could not be charged with two counts of transporting two women under either Sec. 2421 or Sec. 2423; this was accomplished when the district court reversed counts 2 and 3, and (2) Blockburger was violated when the defendant was convicted under both Sec. 2421 and Sec. 2423 for the same offense. This violation was remedied when the Sec. 2421 conviction and sentence were vacated.
 
 
 21
 When pressed at oral argument with questions from the court, the defendant elaborated on the reason why he objected to the district court vacating and reversing the convictions. He explained that the Due Process Clause of the United States Constitution required the government to make a choice between sentencing the defendant on count 1 or on count 4 because the Due Process Clause guarantees the defendant the right to know whether a specific count was chosen for an unconstitutional reason. The defendant claims that the government recommended sentencing on count 1, the count that carries the harsher penalty, because the defendant is black. Because the district court made the ultimate decision as to the count on which the defendant would be sentenced, the defendant claims that he is foreclosed from raising a due process challenge to the government's racial animus.
 
 
 22
 This due process argument was raised for the first time during oral argument on appeal. This argument was not raised before the district court either in response to the government's sentencing memorandum or at the resentencing hearing, and it was not raised in the defendant's brief to this court. This theory was first developed at oral argument in response to questions from the bench which were designed to clarify the defendant's arguments.
 
 
 23
 "'Itis this Court's inveterate rule not to reverse on grounds not raised in the district court,"' United States v. Cardinal, 782 F.2d 34, 36-37 (6th Cir. 1986)(quoting United States v. McDowell Contractors, Inc., 668 F.2d 256, 257 (6th Cir. 1982)), and "failure to raise an objection at trial prevents its consideration on appeal." Id. at 36 (citing Steagald v. United States, 451 U.S. 204, 211 (1981), and Fed. R. Crim. P. 51). Thus, York's due process argument has been waived.
 
 
 24
 York also claims on appeal that the district court abused its discretion when it overruled York's request to be sentenced under count 3 or 4 of the indictment instead of count 1 or 2. Specifically, he argues that the district court erred by sentencing him for violating 18 U.S.C. Sec. 2423 instead of Sec. 2421. Nothing in the law required the district court to uphold the conviction under count 4 instead of count 1. York's argument as to this assignment of error is unclear; at his resentencing hearing, York argued that the rule of lenity prohibited the court from sentencing the defendant on count 1 because count 1 carries a harsher penalty than count 4. However, the United States Supreme Court in United States v. Batchelder, 442 U.S. 114 (1979), held that the rule of lenity applies only when a criminal statute is ambiguous. The rule of lenity does not apply when two statutes provide different penalties for essentially the same conduct. Id. at 121-122. Here, there is no ambiguity to resolve. Therefore, the rule of lenity does not apply.
 
 
 25
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable John C. Godbold, Senior United States Circuit Judge of the United States Court of Appeals for the Eleventh Circuit, sitting by designation