91 F.3d 145
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony M. MOSLEY, Defendant-Appellant.
 No. 95-3416.
 United States Court of Appeals, Sixth Circuit.
 July 29, 1996.
 
 Before: JONES, BOGGS and COLE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Anthony M. Mosley appeals his conviction for interstate transportation of a minor for purposes of prostitution. In this appeal, we are asked to determine whether the district court erred in (1) allowing the government to elect the most severe count in order to sentence defendant; (2) sentencing the defendant under 18 U.S.C. § 2423 instead of 18 U.S.C. § 2421; and (3) applying the United States Sentencing Guidelines in determining defendant's offense level. We conclude the district court did not err and, therefore, affirm its judgment.
 
 I.
 
 2
 In December 1990 two fifteen-year old girls (identified as "Child A" and "Child B") were in the custody of the United Methodist Children's Home in Worthington, Ohio. On December 11, 1990, the girls failed to return to the children's home after a trip to a local grocery store. Apparently the girls planned to travel to Child B's home in Dayton, Ohio, and then to Texas. After leaving the grocery store, they telephoned a friend of Child A's, who picked them up and drove them to his apartment in Columbus, Ohio. Once at his apartment, the girls decided to take a walk. Their walk led them to an after-hours bar, where they met Anthony Mosley.
 
 
 3
 Mosley promised to take the girls to Dayton the next day and persuaded them to return with him to his apartment that evening. The following morning, however, Mosley convinced the girls to work as prostitutes on the streets of Columbus. Mosley advised the girls of the appropriate prices to charge for the performance of various sexual acts, and the girls turned over the money earned from prostitution to him.
 
 
 4
 A few days later, Mosley introduced the girls to Bernard York, who along with Mosley and an adult prostitute, drove the pair to Washington, D.C. Upon arrival, Mosley and York introduced the girls to the "track," a street in Washington where prostitutes frequently solicit customers. Mosley and York then took the girls to a clothing store and purchased them zebra-print tube tops and miniskirts, which they were ordered to wear as their new "clothes". Mosley and York then instructed the pair to work as prostitutes on Washington's streets. Again, the girls turned over all money earned from prostitution to Mosley.
 
 
 5
 Child A worked as a prostitute for two or three days until she was raped by a customer. After being raped, Child A surrendered to the Washington police who sent her back to Columbus. On December 20, 1990, Child B was picked up by the Maryland State Police while walking partially clothed along a highway on the outskirts of Washington. Child B asked the Maryland police to telephone Mosley so that he could bring her clothes and pick her up. However, when Mosley arrived the police refused to release Child B into his custody. Instead, the Maryland police arranged for Child B to be transported back to Columbus.
 
 II.
 
 6
 Mosley was indicted on four counts. Counts One and Two charged him with transporting a minor in interstate commerce for the purpose of prostitution, in violation of 18 U.S.C. §§ 2423 and 2. Counts Three and Four charged Mosley with interstate transportation of an individual in interstate commerce for the purpose of prostitution in violation of 18 U.S.C. §§ 2421 and 2.
 
 
 7
 The jury returned convictions against Mosley on all four counts. The district court sentenced him to an 87-month prison term on Counts One and Two, and to a concurrent term of 60 months on Counts Three and Four. York received an identical sentence.
 
 
 8
 Mosley appealed. A panel of this circuit affirmed his appeal in part and reversed in part, remanding the case to the district court. United States v. York, 9 F.3d 111, 1993 WL 406800 (6th Cir. (1993) (unpublished per curiam). In Part A of its unpublished opinion, this court ruled that Mosley's (and York's) conviction on four separate counts--instead of one count under § 2421 and one count under § 2423--was in direct conflict with the rule established in United States v. Bell, 349 U.S. 81 (1955). York, at *In Bell, the Supreme Court held that the simultaneous transportation of more than one woman in interstate commerce to engage in prostitution amounted to a single offense under 18 U.S.C. § 2421. Bell, 349 U.S. at 81; See also United States v. Parr, 741 F.2d 878, 880 (6th Cir.1984). Relying on Blockburger v. United States, 284 U.S. 299 (1932), this court held that the district court erred by not requiring the government to make an election between 18 U.S.C. § 2421 and § 2423 in charging the defendants. York, at *We remanded the case to the district court to conduct proceedings consistent with Blockburger. Id.
 
 
 9
 On remand, the government filed a sentencing memorandum with the district court which recommended the reversal of Mosley's convictions on Counts Two and Three and vacating his conviction on Count Four. Based on the memorandum, the district court dismissed Counts Two through Four and resentenced Mosley on Count One of the indictment to a prison term of 87 months. Mosley appeals the judgment and sentence entered on March 31, 1995.
 
 III.
 
 10
 When a district court uses its discretion to allow the prosecution to elect between multiplicitous counts, this court reviews that decision under an abuse of discretion standard. See United States v. Throneburg, 921 F.2d 654, 657 (6th Cir.1990). A district court abuses its discretion when it relies on clearly erroneous findings of fact, when it improperly applies the law, or when it uses an erroneous legal standard. Romstadt v. Allstate Insurance Co., 59 F.3d 608, 615 (6th Cir.1995).
 
 
 11
 Mosley contends the district court abused its discretion by permitting the government to elect the most severely punishable count, 18 U.S.C. § 2423. Mosley contends that the district court did not have the authority to permit the government to elect to proceed under 18 U.S.C. § 2423, the count with the greatest potential sentence. Mosley's contention is without merit because the district court has the discretion under Throneburg to decide whether to require the prosecution to elect between multiple charges. Throneburg, 921 F.2d at 657. In the present case, the district court on remand corrected its error, and permitted the government to elect which count to proceed upon at defendant's resentencing. The trial court's decision to rely on the government's sentencing memorandum is proper under Throneburg. Id.
 
 
 12
 The Throneburg court concluded that Ball provides ample authority for a district court to defer to the government's discretion in conducting the prosecution in a case involving multiplicitous counts. Id.; Ball v. United States, 470 U.S. 856, 864-65 (1985). In Ball, the Supreme Court suggested that any error resulting from multiple charges be resolved at the sentencing phase of a trial. Ball, 470 U.S. at 856. Ball involved the prosecution of a convicted felon for receiving and possessing a firearm, two separate crimes under 18 U.S.C. § 922(h) and 18 U.S.C. § 1202(a), respectively. Id. The Court reasoned that "the only remedy consistent with congressional intent is for the district court, where sentencing responsibility resides, to exercise its discretion to vacate one of the underlying convictions." Id. at 864. Therefore, the district court's decision to sentence Mosley on only Count One of the indictment was proper.
 
 IV.
 
 13
 Mosley also contends, apparently for the first time on appeal, that the multiple charges prevented him from being sufficiently apprised of the charges against him. Specifically, Mosley asserts that his presentment right under the Fifth Amendment and right to the assistance of competent counsel under the Sixth Amendment were "negatively impacted." As a result, Mosley petitions this court to apply the rule of lenity. See, e.g., United States v. Batchelder, 442 U.S. 114 (1979); Bell, 349 U.S. at 83-84. This argument was not raised before the district court either in response to the government's sentencing memorandum or at the resentencing hearing. Therefore, "[I]t is this Court's inveterate rule not to reverse on grounds not raised in the district court," United States v. Cardinal, 782 F.2d 34, 36-37 (6th Cir.1986) (quoting United States v. McDowell Contractors, Inc. 668 F.2d 256, 257 (6th Cir.1982)), and "failure to raise an objection at trial prevents its consideration on appeal." Id. at 36 (citing Steagald v. United States, 451 U.S. 204, 211 (1981), and Fed.R.Crim.P. 51). Thus, Mosley's constitutional argument has been waived.
 
 V.
 
 14
 Mosley also argues the district court erred in its calculation of his offense level under the Sentencing Guidelines. Because the Sentencing Guidelines for a violation of 18 U.S.C. § 2423 (U.S.S.G. § 2G1.2) begin with a base offense level greater than the base offense level of 18 U.S.C. § 2421 (U.S.S.G. § 2G1.1), and because the Sentencing Guidelines increase the punishment on the basis of the transportee's minority age status, Mosley claims he is being subjected to "double punishment." Mosley further asserts that Sentencing Guideline § 2G1.2(d)(1), as applied in this case, is in violation of this court's previous ruling and the Supreme Court's decision in Bell.
 
 
 15
 Review of Mosley's sentence is governed by 18 U.S.C. § 3742(e), which provides in pertinent part:
 
 
 16
 The court of appeals shall give due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless they are clearly erroneous and shall give due deference to the district court's application of the guidelines to the facts.
 
 
 17
 Pursuant to 18 U.S.C. § 3742(e), this court is required to defer to the district court's application of the Sentencing Guidelines to the facts. United States v. Peters, 15 F.3d 540, 546 (6th Cir.1994).
 
 
 18
 As the district court concluded, the base offense level for Mosley's crime is sixteen. U.S.S.G. § 2G1.2(a). The Sentencing Guidelines provide an increase of two offense levels when the offense involves transportation of a minor between the ages of 12 and 16. U.S.S.G. § 2G1.2(b)(3). Thus, the district court correctly raised Mosley's offense level to eighteen. U.S.S.G. § 2G1.2(d)(1) provides that the multiple count provisions of U.S.S.G. Ch. 3, Pt. D[1], shall be applied in instances where more than one minor is transported in interstate commerce for the purpose of prostitution. Therefore, U.S.S.G. § 3D1.4(a) provides an additional increase of two offense levels. Consequently, the trial court calculated Mosley's total offense level at twenty.
 
 
 19
 Mosley contends the district court's application of the Sentencing Guidelines violates Bell. Mosley asserts that Bell precludes a sentencing court from examining the variables of a crime when computing a sentence under the Sentencing Guidelines. Mosley's interpretation of Bell is incorrect. Under the Sentencing Reform Act of 1984, 18 U.S.C. § 3551 et seq., Congress has directed district courts to consider a variety of factors when imposing sentences. In addition, district courts are directed to examine "the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant" under the guidelines. United States v. Williams, 37 F.3d 82, 85 (2nd Cir.1994); 18 U.S.C. § 3553(a). Given our deferential stance with respect to the application of the Sentencing Guidelines to the particular facts of a case, we uphold the district court's upward adjustment to the defendant's base offense level and therefore find no error in Mosley's sentence.
 
 VI.
 
 20
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 The application notes for § 2G1.2 state:
 For the purposes of Chapter Three, Part D (Multiple Counts), each person transported is to be treated as a separate victim. Consequently, multiple counts involving the transportation of different persons are not to be grouped together under § 3D1.2 (Groups of Closely Related Counts). Special instruction (d)(1) directs that if the relevant conduct of an offense of conviction includes more than one person being transported, whether specifically cited in the count of conviction or not, each such person shall be treated as if contained in a separate count of conviction. U.S.S.G. § 2G1.2, comment. (n. 1).