**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                No. 96-4181

JAMES A. BERKLEY,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-95-17)

Argued: April 11, 1997

Decided: October 22, 1997

Before MURNAGHAN, Circuit Judge, and BUTZNER and
PHILLIPS, Senior Circuit Judges.

_____

Affirmed by unpublished opinion. Senior Judge Phillips wrote the
opinion, in which Judge Murnaghan and Senior Judge Butzner joined.

_____

**COUNSEL**

**ARGUED:** Tony E. Rollman, Asheville, North Carolina, for Appel-
lant. Brian Lee Whisler, Assistant United States Attorney, Charlotte,
North Carolina, for Appellee. **ON BRIEF:** Mark T. Calloway, United
States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PHILLIPS, Senior Circuit Judge:

James Berkley was convicted following a jury trial of one count of Transporting a Female Under Fifteen Years of Age in Interstate Commerce to Engage in Sexual Intercourse, in violation of 18 U.S.C. § 2423. He appeals, challenging an evidentiary ruling by the district court and seeking a new trial. We affirm.

I

At the time in issue, James Berkley was a Greyhound bus driver in North Carolina. The victim, "Angela," was staying at a group home for troubled children in Asheville. She was fourteen. She often rode the bus on the route driven by Berkley when she went home to Morganton on the weekends to visit her mother. Employees of the children's home and Angela's mother had both spoken to Berkley and asked him to look out for Angela, a frightened and troubled young person, while she traveled between Asheville and Morganton.

One weekend in June 1994, Berkley invited Angela to go to Knoxville, Tennessee with him for the weekend instead of returning to the group home. Angela agreed and Berkley took her to a motel in Knoxville where they had sexual relations and spent the night. When Angela returned to the children's home the next day, she first lied about where she had been during the weekend. Soon, however, she told her caretakers and social workers about the events with Berkley and formal criminal charges were filed.[1]

_____

[1] The critical facts respecting Berkley's culpability were disputed at trial and found against him by the jury. We have recited them here on the basis of the evidence considered in the light most favorable to the prosecution.

2

Before trial, Berkley learned that records existed suggesting that Angela had, in the past, made an allegation of sexual assault against other men. Those records were believed to be in the possession of the Department of Social Services and the group homes in which Angela had lived. Berkley subpoenaed those documents, which were turned over to the district court for in camera review and were not given to the defendant or to the government. At trial, Berkley sought to cross-examine Angela about the earlier accusation and sought to obtain copies of the relevant documents for use during cross-examination. Although he had not examined the documents, he had some knowledge of their contents. Berkley argued that a suspected earlier allegation of rape made by Angela had been false and therefore was relevant to show that Angela was also making an untrue accusation against Berkley.

Based upon an in camera review of the relevant documents, the district court prohibited Berkley from cross-examining Angela about the prior charge on the ground that the evidence was prohibited by the rape shield law of Federal Rule of Evidence 412. The district court sealed those documents for purposes of appellate review and neither Berkley nor the government ever examined them.

This appeal followed Berkley's conviction. He challenges only the district court's refusal to permit his cross-examination of Angela respecting any prior accusations of sexual assault by others.

II

Federal Rule of Evidence 412 limits the admissibility of evidence in a criminal trial of a rape victim's past sexual behavior to three situations: when the evidence is constitutionally required, when it is relevant regarding the source of semen or injury found on the victim, and when it deals with prior sexual behavior between the victim and the accused and is relevant to the issue of consent. **2**

_____

**2** Rule 412 provides, in relevant part:

> (a) <u>Evidence generally inadmissible.</u>-- The following evidence is not admissible in any civil or criminal proceeding involving alleged sexual misconduct except as provided in subdivisions (b) and (c):

As a preliminary matter, we note that the evidence Berkley sought to introduce by cross-examination was not evidence of prior sexual behavior per se, which is plainly governed by Rule 412, but is instead evidence of a prior accusation of sexual assault. The Government says this is of no consequence, citing decisions from several federal courts which have held that Rule 412 applies as well to evidence of prior accusations of sexual assault. See, e.g., United States v. Rouse, 111 F.3d 561, 569 n.7 (8th Cir. 1997); United States v. Provost, 875 F.2d 172, 177-78 (8th Cir. 1989); United States v. Cardinal, 782 F.2d 34, 36 (6th Cir. 1986); see also United States v. Stamper, 766 F. Supp. 1396, 1399 (W.D.N.C. 1991) (applying Rule 412 to past accusations of rape in federal court, but noting that many state courts have decided not to address prior accusations under state rape shield laws), aff'd, 959 F.2d 231 (4th Cir. 1992). But see United States v. Bartlett, 856 F.2d 1071, 1088 (8th Cir. 1988) (expressing doubt about whether prior rape charges are best governed by Rule 412 or Rule 608(b) but finding the analysis to be the same under both rules).

_____

(1) Evidence offered to prove that any alleged victim engaged in other sexual behavior.

(2) Evidence offered to prove any alleged victim's sexual predisposition.

(b) Exceptions.--

(1) In a criminal case, the following evidence is admissible, if otherwise admissible under these rules:

 (A) evidence of specific instances of sexual behavior by the alleged victim offered to prove that a person other than the accused was the source of semen, injury or other physical evidence;

 (B) evidence of specific instances of sexual behavior by the alleged victim with respect to the person accused of sexual misconduct offered by the accused to prove consent or by the prosecution; and

 (C) evidence the exclusion of which would violate the constitutional rights of the defendant.

Fed.R.Evid. 412.

4

Despite their near uniformity in application of Rule 412 to prior accusations of sexual assault, these cases are not dispositive because they either pre-dated or failed to take into account 1994 substantive amendments to Rule 412 that could affect the Rule's application.[3] The Advisory Committee Notes accompanying the Amendments assert that under the law as so amended "[e]vidence offered to prove allegedly false prior claims by the victim is not barred by Rule 412." As at least one circuit has pointed out, these Committee Notes have "interpretive weight" and "rather strongly suggest" that prior false accusations of sexual assault are not governed by Rule 412. United States v. Cournoyer, 118 F.3d 1279, 1282 (8th Cir. 1997).

We need not decide whether the 1994 Amendments always place prior false accusations outside the scope of rape shield protections because we conclude that even if Rule 412 was not applicable here, the evidence could properly have been excluded under Rule 403 for the same core reasons that it was excluded by the district court under Rule 412.[4] Under Rule 403, otherwise relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Unfair prejudice occurs when there is"a genuine risk that the emotions of the jury will be excited to irrational behavior, and . . . this risk is disproportionate to the probative value of the offered evidence." United States v. Ham, 998 F.2d at 1247, 1252 (4th Cir. 1993) (quoting United States v. Masters, 622 F.2d 83, 87 (4th Cir. 1980)).

_____

[3] Rule 412 was amended to substitute the language "[e]vidence offered to prove that any alleged victim engaged in other sexual behavior" for "reputation or opinion evidence of the past sexual behavior of an alleged victim." See Pub.L.No. 103-322, 108 Stat. 1919 (1994).

[4] Although the district court did not explicitly base its evidentiary ruling on Rule 403 and the Government does not raise this argument on appeal, we may affirm the district court's ruling on any basis apparent in the record unless prejudice ensues. See Adams v. Star Enterprise, 51 F.3d 417, 424 n.9 (4th Cir. 1995); Fleet Nat. Bank v. Anchor Media Television, Inc., 45 F.3d 546, 553 (1st Cir. 1995). Because in the context of this case the analysis for exclusion of this evidence, hence the relevant arguments pro and con upon the issue are essentially the same, no prejudice to Berkley can result from our considering the propriety of its exclusion under Rule 403.

5

We have reviewed the sealed materials which the district court inspected in camera and conclude that for essentially the same reasons the district court excluded evidence of their contents under Rule 412, it could properly have excluded the evidence on the basis that, under Rule 403, "its probative value [was] substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." To indicate why, it suffices for our purposes to say only that the materials, in the form of a social worker's report, indicate that Angela had (sometime in 1993) made an accusation of forcible sexual assault by identified persons. There is no indication from the materials, nor from evidence of record, that charges on the earlier accusation were prosecuted.

In the first place, the facts revealed in the materials are of limited relevance to the offense charged. The earlier accusation was made under different circumstances than those involved in the accusation against Berkley. The accusation against Berkley involved consensual sexual relations; the earlier accusation was of a forcible gang rape. This lack of similarity obviously lessens their relevance to the accuser's credibility or veracity respecting the charge being prosecuted. Cf. Bartlett, 856 F.2d at 1088, n.25 (relying upon the difference between old and new allegations of rape as factor which supported exclusion under Rule 412).

Relevance is even more critically lessened by the failure of the materials to demonstrate that the earlier accusation was in fact false. The materials are silent, inconclusive at most, on the matter. They indicate nothing beyond the fact that, in response to Angela's accusation, a named law enforcement official "was gathering evidence." Furthermore, even if it were assumed that there was not a prosecution, that of course, given the many reasons for failure to prosecute, would not demonstrate with sufficient assurance for the purpose at hand that the accusation was false. In this statutory rape case, the only possible relevance of prior accusations would be to prove a pattern of false accusations that drew in question the veracity of the accusation at issue, and neither the sealed materials nor any other proffered evidence could have provided that necessary evidentiary link here.

While the materials were therefore of questionable relevance, their potential for undue prejudice and confusion of the issues was

6

extremely high. Aside from the obvious personal embarrassment involved in their admission, they would inevitably risk opening up confusing factual inquiries of marginal if any relevance to the core issue of Berkley's guilt. The generally recognized danger, obviously present here, is that "in attempting to dispute or explain away the evidence thus offered, new issues will arise as to the occurrence of the instances and similarity of the conditions, . . . and thus . . . the trial will be unduly prolonged, and the multiplicity of minor issues will be such that the jury will lose sight of the main issue." 2 John Henry Wigmore, EVIDENCE § 1440, at 428 (3d ed. 1940) (quoted in 22 Charles Alan Wright and Kenneth W. Graham, Jr., F EDERAL PRACTICE AND PROCEDURE § 5216, at 286 (1978)). On balance, relevance of the proffered evidence here was heavily outweighed by its potential for unfair prejudice, thereby justifying its exclusion under the general relevance/prejudice standard of Rule 403.

In light of the proffered evidence's limited relevance and potential for confusion and unfair prejudice, we conclude that the district court acted well within its discretion in refusing to allow cross-examination respecting the prior accusation of rape.

AFFIRMED

7